NOT PRECEDENTIAL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CURT ALLISON**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**NEW JERSEY TRANSIT CORPORATION,** *et al.*,<br><br>  **Defendants.** | Civ. No. 2:12-02493 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      New Jersey Transit ("NJ Transit") employee Curtis Allison filed a complaint against NJ Transit and related individuals alleging, *inter alia*, discrimination on the basis of race and religion. The parties engaged in discovery and Defendants moved for summary judgment. The Court then issued an opinion and order granting Defendants' motion. Allison has now filed what he describes as a "motion to alter or grant relief from a judgment per FRCP 59(e) or 60." The Court writes primarily for the parties and will assume familiarity with the facts.[1] For the reasons set forth below, the Court will **DENY** Allison's motion.

      Allison has filed his motion as one to amend judgment under Federal Rule of Civil Procedure 59(e), or in the alternative, as one for a relief from judgment under Rule 60. After reviewing the brief in support of the motion, it is evident that Allison is only seeking relief under Rule 59(e). While Rule 59(e) and Rule 60(b) "serve similar functions," "each [Rule] has a particular purpose." *United States v. Fiorelli*, 337 F.3d 282, 287 (3d Cir. 2003). Rule 60(b) is used to seek relief from judgment, whereas Rule 59(e) is a "device to relitigate the original issue…and used to allege legal error." *Id*. Allison's brief in support of his motion contends that the Court "misapprehended the essence of [his] complaint" and overlooked certain factors when rendering its decision. Allison does not reference any of the grounds for relief from a final judgment enumerated in Rule 60(b) and instead plainly seeks to relitigate the merits of the summary judgment motion. Moreover, the fact that

---

[1] For a thorough discussion of the facts and evidence, see *Allison v. N.J. Transit Corp., et al.*, No. 2:12-02493, 2014 WL 6474088 (D.N.J. Nov. 19, 2014).

Allison references Rule 60(b) in his caption is irrelevant because "the function of the motion, and not the caption, dictates which Rule is applicable." *Fiorelli*, 337 F.3d at 287-88. The Court therefore construes Allison's motion as one made solely under Rule 59(e). In support of his Rule 59(e) motion, Allison filed a reply brief. Local rules require that a party obtain leave of court before submitting a reply brief in support of a motion for reconsideration. L.Civ.R. 7.1(d)(3). Because Allison did not obtain leave of court before submitting his reply brief, the Court will not consider it. *See Booker v. U.S.*, No. 09-779, 2010 WL 4288366, *2, n. 1 (D.N.J. Oct. 25, 2010).

A court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug.30, 2007).

Allison's motion for reconsideration appears to make the following three arguments: (1) some Defendants were aware of Allison's participation in a separate lawsuit against NJ Transit, which supports Allison's theory that NJ Transit retaliated against him; (2) NJ Transit selectively punished Allison, thereby casting doubt on NJ Transit's proffered nondiscriminatory reasons for discipline; and (3) the Court overlooked procedural irregularities that took place during one of Allison's disciplinary hearings. The Court rejects these arguments.

Before addressing Allison's specific arguments, there is the threshold issue of the Court's decision to accept Defendants' statements of material facts as uncontroverted so long as they were properly supported by the record. In support of their motion for summary judgment, Defendants filed a statement of material facts not in dispute pursuant to Local Rule 56.1(a). Under that Rule, Allison was required to "furnish, with [his] opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute…" Moreover, "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." L.Civ.R. 56.1(a). Allison failed to submit a responsive statement of material facts in accordance with Local Rule 56.1(a). Therefore, the Court deemed Defendants' statement of facts as uncontroverted so long as they were properly supported. *See, e.g., Malik v. Hannah,* 799 F. Supp. 3d 355, 356 (D.N.J. 2011).

Allison argues that under "Local R. (1)," the Court should "excuse the lack of strict compliance" with Local Rule 56.1(a). Neither Defendants nor the Court are aware of any Local Rule that excuses compliance with Local Rule 56.1(a). Moreover, Allison is not

proceeding *pro se*[2] and has been represented by counsel throughout the course of this litigation. Regrettably, the Court must remark that Plaintiff's counsel in this matter has flouted other Court rules aside from Rule 56.1(a) by filing supplemental pleadings where the filing deadline has already expired and submitting a reply brief on a motion for reconsideration without obtaining leave of court. The Court therefore cannot construe counsel's failure to comply with Local Rule 56.1(a) as a good faith mistake; rather, the omission is representative of counsel's disregard for this Court's rules and procedures. *Cf. Ramziddin v. Speziale*, No. 07-5303, 2009 WL 48227492, *2 (D.N.J. Dec. 11, 2009) (district court may excuse failure to comply with Local Rule 56.1(a) where noncompliance is premised on a good faith mistake).

Moving to the substance of his arguments, Allison first contends that the evidence shows that NJ Transit "management" was aware of Allison's participation in a separate lawsuit against NJ Transit, which supports his claims of unlawful retaliation. However, key NJ Transit employees who were responsible for disciplining Allison have submitted certifications indicating that they were unaware of Allison's participation in another lawsuit against NJ Transit. Allison has submitted no documents or testimony to rebut such evidence; instead he vaguely asserts that "management" knew. Vague allegations of this nature are insufficient to overcome summary judgment. *See, e.g., Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

Next, Allison contends that NJ Transit's selective enforcement of its policies casts doubt on its proffered non-discriminatory reason for disciplining him. However, Defendants have submitted properly supported statements of material fact showing that NJ Transit possessed a non-discriminatory reason for disciplining Allison and not disciplining others. For example, Allison's own statement to NJ Transit shows that Allison made aggressive remarks to another NJ Transit employee as the employee was leaving the room. (Defendants' Statement of Material Facts at ¶9). Other evidence indicates that Allison had a prior history of using demeaning language in the presence of another NJ Transit employee. (*Id.* at ¶24). Therefore, NJ Transit had reason to discipline only Allison. Indeed, it is not enough for Allison to show that NJ Transit's disciplinary action was "unfair, wrong, or mistaken." Instead, Allison "must point to evidence suggestive of discrimination." *Maslanka v. Johnson & Johnson, Inc.*, 305 Fed.Appx. 848, 853 (3d Cir. 2008). Here, the evidence submitted by Defendants supports the conclusion that NJ Transit possessed a non-discriminatory reason for disciplining Allison. Therefore, his motion for reconsideration must be denied.

Finally, Allison contends that the Court erred in granting summary judgment because there were procedural irregularities at his second disciplinary hearing. Specifically, Allison asserts that NJ Transit excluded certain witness statements from the

---

[2] Even *pro se* litigants must comply with the requirements of Local Rule 56.1(a). *See, e,g.*, Glazewski v. Corzine, No. 06-4107, 2009 WL 5220168, *1 (D.N.J. Dec. 31, 2009)

3

disciplinary hearing record. While conceding that the omitted statements substantively had no bearing as to whether he violated NJ Transit rules, Allison nonetheless contends that the omission goes to the insidious motivation of NJ Transit. "Evidence of procedural irregularities…may raise an inference of discriminatory intent. However, there must be some evidence that the irregularities were related to plaintiffs' race." *Blunt v. Lower Merion School Dist.*, 826 F.Supp.2d 749, 760 (E.D.Pa. 2011) (citing *E.E.O.C. v. Muhlenberg Coll.*, 131 Fed.Appx. 807, 812 (3d Cir. 2005)). Even assuming these procedural irregularities to be true, Allison has failed to tie them to his race. Consequently, the Court will deny his motion for reconsideration.

For the foregoing reasons, Allison's motion for reconsideration is **DENIED**.

          /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 23, 2015**